OPINION
{¶ 1} Defendant-appellant George Steele, Jr. appeals his sentence from the Licking County Court of Common Pleas on eight counts of illegal use of a minor in nudity-oriented material or performance and one count of failure of sex offender to register. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On May 27, 2005, the Licking County Grand jury indicted appellant on seven counts of illegal use of a minor in nudity-oriented material or performance (counts one through seven) in violation of R.C. 2907.323(A)(3), felonies of the fifth degree, one count of illegal use of a minor in nudity-oriented material or performance (count eight) in violation of R.C.2907.323(A)(1), a felony of the second degree, and one count of failure of sex offender to register (count nine) in violation of R.C. 2950.04(A)(1), a misdemeanor of the first degree. At his arraignment on June 6, 2005, appellant entered a plea of not guilty to the charges contained in the indictment.
 {¶ 3} Thereafter, on August 15, 2005, appellant withdrew his former not guilty plea and pleaded no contest to all of the charges. As memorialized in a Judgment Entry filed on August 23, 2005, appellant was sentenced to eleven (11) months in prison on counts one through seven, to seven (7) years in prison on count eight, and to six (6) months in jail on count nine. The trial court, in its entry, ordered that the sentences for counts one through seven and nine run concurrently with each other but consecutively to the sentence imposed for count eight. Thus, appellant was sentenced to an aggregate sentence of seven (7) years and eleven (11) months. In addition, appellant was found to be a sexual predator.
 {¶ 4} On September 9, 2005, a timely Notice of Appeal was filed on behalf of appellant. On November 14, 2005, Attorney Matthew Alden, counsel for appellant, filed a brief, pursuant toAnders v. California (1997), 388 U.S. 924, 87 S.Ct. 2094, 18 L.Ed.2d 1377, indicating that the within appeal was wholly frivolous. Counsel for appellant also sought leave to withdraw from the case. In response to the filing of the Anders brief, on January 5, 2006, appellant filed a brief, pro se, raising one assignment of error for our consideration.
 {¶ 5} Thereafter, in March of 2006, this Court permitted appellant's counsel to withdraw and ordered the trial court to appoint new counsel to represent appellant in this matter. This Court in its Judgment Entry, stated, in relevant part, as follows: "Pursuant to Anders, this Court has conducted an independent review, which included a full examination of all the trial court proceedings, to determine whether an appeal in this case is wholly frivolous. After a review of the record, this Court finds that the sentencing hearing should be considered in light of State v. Foster, ___ Ohio St.3d ___, 2006-Ohio-856."
 {¶ 6} On remand, the trial court appointed new counsel on or about March 10, 2006. Appellant's new counsel filed a supplemental brief on April 6, 2006.
 {¶ 7} We will address the assignments of error set forth in the Anders brief, in appellant's pro se brief and in the supplemental brief filed by appointed counsel on April 6, 2006. These assignments of error are as follows:
 Assignment of Error in Anders Brief and Pro Se Brief {¶ 8} "WHETHER THE TRIAL COURT ERRED IN IMPOSING THE CONSECUTIVE SENTENCES FOR CERTAIN OFFENSES UPON APPELLANT GEORGE B. STEELE, JR. (STEELE) AFTER HIS GUILTY PLEA TO THE ENTIRE INDICTMENT."
 Assignment of Error in Appointed Counsel's Brief {¶ 9} "THE SENTENCING OF THE DEFENDANT-APPELLANT PURSUANT TO OHIO REVISED CODE WAS UNCONSTITUTIONAL."
 {¶ 10} Appellant, in the three briefs filed in the case sub judice, challenges his sentence. Appellant argues, in part, that the trial court's imposition of more than the minimum and consecutive sentences was unconstitutional pursuant to UnitedStates v. Booker (2005), 543 U.S. 220, 125 S.Ct. 738, andBlakely v. Washington (2004), 542 U.S. 296, 124 S.Ct. 2531. We agree.
 {¶ 11} Recently, the Ohio Supreme Court, in State v.Foster, 109 Ohio St.3d 1, 845 N.E.2d 470, 2006-Ohio-856, found that certain provisions of Ohio's sentencing statute were unconstitutional because those provisions required judicial fact-finding in order to exceed the sentence allowed simply as a result of a conviction or plea. Among these provisions was R.C.2929.14(B), which provided for more than the minimum prison term, and 2929.14(E)(4), which provided for consecutive sentences.
 {¶ 12} To remedy Ohio's felony sentencing statutes, the Ohio Supreme Court, in Foster, severed the Blakely-offending portions that either create presumptive minimum or concurrent terms or require judicial fact-finding to overcome the presumption. Foster at paragraph 97. Thus, the Court concluded "* * * that trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id. at paragraph 100.
 {¶ 13} Accordingly, because appellant's "more than the minimum" and consecutives sentences are based upon an unconstitutional statute that was deemed void in Foster supra, all of the assignments of error are sustained. We note that the State of Ohio concedes that this case must be remanded to the trial court for resentencing
 {¶ 14} Appellant's sentence is, therefore, vacated, and the matter is remanded for resentencing in accordance with Foster,
supra.
Edwards, J. Wise, P.J. and Gwin, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Licking County Court of Common Pleas, is therefore, vacated as to sentencing, and the matter is remanded for resentencing in accordance with Foster, supra. Costs assessed to appellee.